UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA MORALES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-639-SDD-RLB** |
| **LMK BATON ROUGE CONSTRUCTION, ET AL.** | |

## ORDER

Before the Court is defendant Crouch & Western, Inc.'s ("C&W") Motion to Compel Discovery Responses (R. Doc. 69) filed on April 18, 2016. C&W represents that the named Plaintiffs did not timely respond to interrogatories (R. Doc. 69-2) and requests for production (R. Doc. 69-3) propounded on March 11, 2016. Among other things, C&W notes that the named Plaintiffs did not seek, and the Court did not issue, a stay of discovery pending resolution of the motions to dismiss. (R. Doc. 69-1 at 4).

Plaintiffs initially opposed the motion. (R. Doc. 76). Plaintiffs subsequently filed a Supplemental Opposition representing that on May 27, 2016, the six named Plaintiffs responded to the outstanding discovery requests. (R. Doc. 83).

If a party fails to respond fully to discovery requests made pursuant to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. There is no dispute that the named Plaintiffs did not timely provide discovery responses within the time allowed by Rule 33 and Rule 34. The sole issue remaining before the Court is whether to award the expenses incurred by C&W for bringing the instant motion.

Rule 37 provides that if a motion to compel "is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be

heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The Court must not order this payment, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

The named Plaintiffs bring this action as a purported collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  Prior to the filing of the instant motion, the named Plaintiffs moved for a protective order that would limit discovery in this action to the six named Plaintiffs and a limited representative sample of 10% of certain opt-in Plaintiffs. (R. Doc. 67).  That motion remains pending.  Although there appears to have been no dispute as to the appropriateness of discovery directed to the named Plaintiffs, in light of the unresolved scope of allowable discovery in this action the Court concludes that it would be unjust to award expenses with regard to the instant motion.  Further orders of the Court will address the manner, timing and scope of additional discovery.

For the foregoing reasons,

**IT IS ORDERED** that Defendants Motion to Compel (R. Doc. 69) is **GRANTED,** with the exception that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on June 28, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**