UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA MORALES, ET AL. | CIVIL ACTION |
| VERSUS | 15-639-SDD-RLB |
| LMK BATON ROUGE<br>CONSTRUCTION, LLC, ET AL. | |

## **REASONS AND ORDER**

Before the Court is the parties *Joint Motion for Approval of Confidential Settlement by All Plaintiffs.*[1] The parties have reached an agreement to compromise wage claims under FSLA and seek the Court's approval of compromise pursuant to 29 U.S.C. §216(b).

This is a collective action under Section 216(b) of FSLA and a Rule 23 class action for unpaid wages and failure to pay overtime.[2] Plaintiffs assert "Violations of the FLSA's Minimum Wage and Overtime Provisions,"[3] and "Misclassification of Employees and Failure to Pay Overtime under the FLSA."[4]

The Court has reviewed the terms of the proposed compromise and settlement and the representations of the parties and finds that the proposed settlement is the product of a bona fide dispute over the FLSA's provisions. On the issue of the fairness and reasonableness of the proposed settlement the Court makes the following findings.

---

[1] Rec. Doc. 108.
[2] The instant Motion to approve a settlement was filed prior to class certification proceedings.
[3] Rec. Doc. 24, p. 10, ¶¶44-49. Plaintiffs also bring various state law claims.
[4] Rec. Doc. 24, pp. 10-11, ¶¶50-55.
Document Number: 37029

I. Confidentiality Provision

The parties seek approval of a Confidential Settlement Agreement, which the parties submitted in camera. The Court is persuaded by the reasoning of the Middle District Court of Florida[5]

> A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. 'The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered the national health and efficiency and as a result the free movement of goods in interstate commerce.' *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.

Accordingly, this Court will not approve a confidential settlement in this matter.

II. Attorney's Fees

Under the FLSA, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."[6] In the Fifth Circuit the lodestar method is used to calculate an appropriate attorney's fee award under the FLSA;[7] "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work."[8] The parties' joint memorandum in support of their Motion avers that the attorney's fees sought are "based on the lodestar method", and "represents 31% of the gross Settlement

---

[5] *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242–43 (M.D.Fla.,2010), *See also*, *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.,* 178 F.3d 943, 944–45 (7th Cir.1999).
[6] 29 U.S.C. 216(b)
[7] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).
[8] *Id. citing, Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 490 (5th Cir.2012).

amount."[9] No evidence was offered in support of the contention that the attorney's fee award sought is the product of the lodestar method.

Lack of evidence notwithstanding, and assuming *arguendo* that a 31% fee award is reasonable, the Court declines to approve the proposed settlement which specifies payment of the attorney's fees in full before disbursements are made to the Plaintiffs and putative Plaintiffs. The proposed settlement specifies the payment of attorney's fees "within thirty (30) days of, and only after the Notice of Class Settlement and Claims Form[10] is mailed". Hence, the attorney's fee is paid before the disbursements to the Plaintiffs are made. The attorneys have an obligation to see that the Plaintiffs receive the bargained for relief. It is alleged that Plaintiffs are "predominantly immigrants who do not speak fluent English" hired by Defendants "to provide services and labor in furtherance of Defendants' construction business".[11] The allegations suggest a potential language barrier which may present obstacles to achieving a statistically significant response rate to the Notice of Settlement and the submission of claims forms.

For the foregoing reasons the *Joint Motion for Approval of Confidential Settlement by All Plaintiffs* (Rec. 108) is DENIED, without prejudice;

**IT IS FURTHER ORDERED**, that in the event the parties desire to resubmit a Motion to approve a compromise of the captioned matter, the Plaintiffs shall present evidence of the lodestar attorney's fees sought; the parties shall provide a mechanism

---

[9] Rec. Doc. 108-1.
[10] "Notice of Class Settlement and Claims Form" is defined as the "form through which Claimants may submit a claim for payment under the [Settlement] Agreement".
[11] Rec. Doc. 1.
Document Number: 37029

to report the claim submission rate of response to the Court before attorney's fees are authorized for payment; attorney's fees shall not be due until completion of disbursement of settlement funds to the Plaintiffs; and, any and all future proposed Settlement Agreements shall not contain a confidentiality covenant and shall be filed in the public record.

Baton Rouge, Louisiana the 13th day of January, 2017.

_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**